# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS VORHES, an individual, )
)
                Plaintiff, )     Civil Action No. 06-1130
)     Judge Nora Barry Fischer
    vs. )
)
MITTAL STEEL USA, INC., et al., )
)
                Defendants. )

## MEMORANDUM OPINION

I.    INTRODUCTION

Presently before the Court is a series of motions related to Plaintiff Dennis Vorhes' proffer of David Kassekert, P.E., to testify as an expert witness in the trial of this matter currently scheduled for April 13, 2009. Plaintiff filed a motion for leave to file an amended pretrial statement to include Kassekert as a witness on March 9, 2009. (Docket No. 63). Also, on March 9, 2009, Defendants Mittal Steel USA, Inc., International Steel Group, Inc. and Pristine Resources, Inc. ("Defendants") filed two motions in limine to preclude Kassekert's testimony at trial. The first motion is a *Daubert* motion arguing that Kassekert is not qualified to offer an expert opinion in this case and the second argues that Plaintiff's disclosure of Kassekert as an expert witness was untimely and in violation of Rules 26 and 37 of the Federal Rules of Civil Procedure. (Docket Nos. 64, 70). The motions have been fully briefed[1] and the Court heard argument regarding the same during a motion/*Daubert*

---

[1] The Court notes that Defendants' motions in limine were initially granted as Plaintiff failed to file responses to said motions by the deadlines set forth in the Pretrial Order. (Docket No. 91). Plaintiff sought leave from this Order and requested an opportunity to file untimely responses, which

hearing on April 2, 2009. For the following reasons, the Court will preclude Kassekert from testifying at trial.

II. FACTUAL BACKGROUND

By way of background, Plaintiff seeks damages in this action resulting from injuries he suffered after he drove a dirtbike over a blind cliff on an abandoned mine site owned by Defendants on April 9, 2005. *See Vorhes v. Mittal Steel USA, Inc.*, Civ. A. No. 06-1130, 2008 WL 794460, at *1 (W.D.Pa. March 24, 2008).[2] A related action, *Creek v. Mittal Steel USA, Inc.*, Civ. A. No. 06-701, 2008 WL 1752236 (W.D.Pa. Apr. 14, 2008), arose from an accident at the same site on May 8, 2005. In that case, David and Lori Creek were killed after they drove an ATV over the same cliff as Vorhes and their estates sought damages for the deaths from Defendants.[3] *Id*. Kassekert produced an expert report for the plaintiffs in the *Creek* matter. In his report, Kassekert reconstructs the accident and opines as to how the accident occurred and the necessary causes, including that no signs were posted near the cliff to warn of its existence. (Docket No. 64-3). Kassekert was not deposed in the *Creek* action.

III. *DAUBERT* CHALLENGE TO KASSEKERT'S POTENTIAL TESTIMONY

The Court first turns to Defendants' *Daubert* motion. The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides that:

> If scientific, technical, or other specialized knowledge will assist the

---

was granted by the Court. (Docket No. 97).

[2] For a full recitation of the facts of this case, *see Vorhes v. Mittal Steel USA, Inc.*, 2008 WL 794460.

[3] The *Creek* matter has settled.

2

> trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED.R.EVID. 702. The United States Court of Appeals for the Third Circuit has held that "Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003)(citations omitted). "Qualification requires 'that the witness possess specialized expertise.'" *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (quoting *Schneider*, 320 F.3d at 404). There is a liberal policy of admissibility and the Court of Appeals has held that a "broad range of knowledge, skills, and training qualify an expert." *Id.* (quoting *Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-42 (3d Cir.1994)). Further, "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate." *Id.* (quoting *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir.1996)).

Kassekert's 2001 curricula vitae[4] demonstrates that he is a mechanical engineer with an M.B.A. and has considerable experience in vehicle engineering and accident reconstruction. (Docket No. 64-4). His C.V. does not identify that he possesses any specific training or expertise in the area of property management or knowledge of the duties owed by property managers to persons on their property. (*Id.*). However, Kassekert's expert report, opines, in part, the following:

> 4. The owners of the property and their employees knew of the

---

[4] A current C.V. has not been provided.

> dangerous condition at least by the year 2000 and knew simple inexpensive measures could prevent further accidents.
>
> 5. The defendants were grossly negligent in that they chose not to continue to post and maintain warning signs at the property edge, and particularly at the edge of the dangerous cliff, even though MineVironment's experience showed that this was effective in minimizing the dangerous conditions.
>
> 6. In reckless disregard for the safety of the recreational users of the property, the defendants willfully failed to guard against a non-obvious dangerous cliff.

(Docket No. 64-3 at 6-7). In this Court's estimation, Kassekert is not qualified, even under the liberal standard applied by the Court of Appeals, to testify as to these opinions regarding a property owner's duties. He is simply not an expert with respect to the appropriate locations of warning signs or property management of an abandoned mine site.

Kassekert's opinions will also not "assist the trier of fact"in this case because his report is an examination of the *Creek* accident and not the accident involving the present Plaintiff. FED.R.EVID. 702. In preparing his report, Kassekert did not review the Vorhes' deposition describing the accident nor any of the physical evidence from that accident.[5] (*See* Docket No. 64-3). The focus of this report is on reconstructing the *Creek* accident to determine how that accident occurred. (*Id.*). Further, Kassekert was not a witness to the Vorhes accident. Therefore, he has no first hand knowledge of the facts which would permit him to testify as a lay witness in this case. *See* FED.R.EVID. 701 ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the

---

[5] In fact, the site has been graded since the accident and is not the same.

4

determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."); *see also Haines v. Davies*, Civil Action Nos. 1:07-cv-00851, 1:07-cv-00852, 2009 WL 331433, at *4 (M.D.Pa. Feb. 9, 2009)(finding that a treating psychologist whose testimony was excluded based on violations of Rule 26 was permitted to offer testimony as a treating physician). Accordingly, Defendants' motion to preclude the testimony of Kassekert under Rule 702 and *Daubert* is GRANTED.

IV. UNTIMELY DISCLOSURE

In addition to precluding Kassekert's testimony under Rule 702 and *Daubert*, the Court also finds that his testimony is precluded as the disclosure of his testimony is untimely and in violation of Rule 26 and numerous Orders of Court, governing the instant case. Rule 26(a)(2)(C) sets out the timing of the required disclosures of the identity of experts and their expert reports, providing that:

> (C) Time to Disclose Expert Testimony. *A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:*
>
> (i) *at least 90 days before the date set for trial or for the case to be ready for trial*; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

FED.R.CIV.P. 26(a)(2)(C)(emphasis added). Rule 37(c)(1) provides, in pertinent part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c)(1). This Court must:

> consider four factors before prohibiting evidence: "(1) the prejudice or surprise of the party against whom the excluded evidence would

> have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation."

*Haines*, Civil Action Nos. 1:07-cv-00851, 1:07-cv-00852, 2009 WL 331433, at *3 (M.D.Pa. Feb. 9, 2009)(quoting *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3d Cir.2000)).

The Court orders issued in this matter requiring the parties to conduct expert discovery and permitting the depositions of said experts by certain dates have been clearly violated by Plaintiff's untimely proffer of Kassekert. Plaintiff filed his complaint against Defendants in the Court of Common Pleas of Allegheny County on July 25, 2006 and the case was removed to this Court on August 24, 2006. (Docket No. 1). An initial case management order was issued on October 10, 2006, which provided that all expert discovery was to be completed by January 30, 2007. (Docket No. 7). The period for discovery was later extended to end on March 30, 2007. (Docket No. 11). Plaintiff did not disclose Kassekert as a potential expert witness during the period for discovery. Then, after the Court denied Defendants' motion for summary judgment, Plaintiff filed his Pretrial Statement on April 7, 2008 and, again, failed to include any reference to the potential testimony by Kassekert. (Docket No. 40).

Subsequently, the Court issued a Pretrial Order on October 14, 2008, scheduling, among other things, jury selection and trial for April 13, 2009 and ordering that Plaintiff file his witness list and offers of proof by February 23, 2009. (Docket No. 56). Plaintiff filed his Witness List and Offers of Proof on February 23, 2009, identifying Kassekert as a potential witness that Plaintiff "may call" for the first time.[6] (Docket No. 61 at 4). Plaintiff did not seek leave of Court prior to

---

[6] During oral argument, on specific inquiry by the Court, Plaintiffs' counsel acknowledged

adding Kassekert as a potential witness and did not seek to amend his earlier filed Pretrial Statement at that time which, as noted, did not identify him as a potential witness. Later, on March 9, 2009, the last possible date set for the filing of pretrial motions pursuant to the Pretrial Order, Plaintiff filed the pending motion to amend his pretrial statement to include Kassekert as a potential witness. (Docket No. 63).

Further, absent the Court Orders, the disclosure of Kassekert as a potential expert witness on February 23, 2009, for a trial scheduled to commence on April 13, 2009, was made less than ninety (90) days before trial as required by Rule 26(a)(2)(C)(i). In addition, Plaintiff's Offer of Proof stated only the following: "Mr. Kassekert's testimony will include: information about the danger inherent in the (blind) cliff located on Defendants' property." (Docket No. 61 at 4). This proffer is insufficient under Rule 26(a)(2)(B), which requires the disclosure of expert reports, any data or exhibits used by the expert in support, a current curricula vitae of the expert, and a list of all cases in which the expert has testified during the previous four years. FED.R.CIV.P. 26(a)(2)(B). To the extent that Plaintiff relies on the fact that Kassekert's report was previously produced to Defendants in the *Creek* matter, Plaintiff's intent to rely on the *Creek* report was not articulated until his motion to amend was filed on March 9, 2009 and the presentation of the report in the related matter does not obviate Plaintiff's obligation to adhere to the clear dictates of the Federal Rules of Civil Procedure. Moreover, Kassekert's report in *Creek* speaks to their accident and not the accident involving Vorhes.

---

that Kassekert's potential testimony was indeed first disclosed to Defendants by virtue of the filing of Plaintiff's Witness List and Offers of Proof on February 23, 2009. Counsel admitted that there was no other disclosure of Kassekert's potential testimony in this case, informal or otherwise, to defense counsel prior to that date.

In addition to the numerous procedural deficiencies, Plaintiff's counsel's late disclosure of Kassekert as an expert can be considered "wilful" as it was in clear violation of numerous Court Orders, counsel was aware of Kassekert's report in the *Creek* matter for approximately two years and counsel has proffered no substantial justification for the failure to disclose Kassert as a potential witness prior to February 23, 2009. *Nicholas*, 227 F.3d at 148; *see also Haines*, 2009 WL 331433, at *4 (finding that the violation of multiple court orders and a lack of a substantial justification for disclosing a potential expert witness constituted wilful failure to comply with the Federal Rules of Civil Procedure). Additionally, Defendants are clearly prejudiced by the late disclosure of Kassekert, which cannot be cured. Trial is scheduled to commence on April 13, 2009 and there is not sufficient time to permit Defendants to depose Kassekert. Defendants have not identified their own expert in their Pretrial Statement or Witness List and do not have sufficient time to obtain a rebuttal expert. Further, if the Court were to permit the testimony, the current trial date would have to be continued, disrupting this case and other matters on the Court's schedule. Moreover, the proffered expert testimony of Kassekert is not critical to Plaintiff's case as the accident does not need to be reconstructed and, as discussed above, Kassekert is not qualified to offer opinion testimony regarding the standard of care to be afforded to Plaintiff by Defendants or any other aspect of appropriate property management of an abandoned mine site.

V. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff is precluded from offering the testimony of Kassekert at trial. Accordingly, Plaintiff's motion to amend [63] is DENIED and Defendants' motions in limine [64], [70] are GRANTED. An appropriate Order follows.

                                                       *s/Nora Barry Fischer*
                                                       Nora Barry Fischer
                                                       United States District Judge

Dated:    April 6, 2009

cc/ecf:    All Counsel of Record